## The State v. Atkyns.

1. An indictment containing three counts for playing at cards "in an out-house where people resort;" in a store house for "retailing spirituous liquors &c. in a public place" is good, without designating to whom the out-house or store-house belongs, or without designating the description of the place by a more certain description.

2. The act of (Aikin's Digest 212) prescribes the terms which may be used in the indictment. If these terms are followed the indictment is good.

Reference of a question as novel and difficult arising in a criminal case from the Circuit Court of Fayette County.

THE defendant was convicted on an indictment in these words:

"The State of Alabama—Circuit Court for Fayette County, Spring Term, 1839. The Grand Jurors, &c. &c., upon their oath present, that Wyatt Atkyns, late of said county, on the tenth day of April, in the year of our Lord one thousand eight hundred and thirty nine, in the county aforesaid, did play at cards, with cards, in an out-house where people resort against the peace and dignity of the State of Alabama."

"The second count charges him with playing at cards in a store house, for retailing spirituous liquors."

"The third count charges him with playing at cards in a public place."

The defendant demurred to the indictment: the Circuit Court over-ruled the demurrer, but reserved the question of law arising therefrom as novel and difficult.

JOSHUA L. MARTIN, for the defendant, insisted that the indictment was bad, because it did not specify any place with sufficient certainty, so as to enable the defendant to ascertain the precise act of crime with which he was charged. Nor could he

The State v. Atkyns.

plead an acquittal or conviction on this in bar of a subsequent indictment.

THE ATTORNEY GENERAL, contra.

. GOLDTHWAITE, J.—It is very obvious that the act of ·1825, [Aikin's Digest, 212.] was enacted with a view to get rid of all technicalities in framing indictments for gaming; and it is our duty to carry into effect the intention of the Legislature. The second section of the act refered to, authorises the solicitor to frame the indictment in this general manner, but the defendant insists that this positive sanction by the legislature of this mode of pleading shall be disregarded, and. the State required to allege, that the gaming was committed in the out-house, or storehouse, of a named individual.

We are not authorised to give such a construction to this act; but if we did, its inconvenience in the administration of justice would at once be manifest. Individuals would be more astute in finding other owners for the buildings described, than in defending themselves from a second accusation for the same offence, or than in disproving the case made out by the State.

We rest this decision entirely on the obvious intention of the statute, not deeming it necessary to inquire what would be a good indictment if the special provisions directing the manner of making the charge, were omitted.